UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FALAO TOALEPAI, <br><br> Petitioner, <br><br> v. <br><br> RON DAVIS, <br><br> Respondent. | ) Case No. CV 16-1287-SVW (KK) <br> ) <br> ) <br> ) FINAL REPORT & <br> ) RECOMMENDATION OF UNITED <br> ) STATES MAGISTRATE JUDGE <br> ) <br> ) <br> ) <br> ) |

This Report and Recommendation is submitted to the Honorable Stephen V. Wilson, United States District Judge, pursuant to Title 28 of the United States Code, section 636 and General Order 05-07 of the United States District Court for the Central District of California.

## I.

## **SUMMARY OF RECOMMENDATION**

Petitioner Falao Toalepai ("Petitioner") has filed a pro se Petition for Writ of Habeas Corpus ("Petition") by a Person in State Custody under Title 28 of the United States Code, section 2254. Petitioner alleges the California Board of Parole Hearings' ("Board") April 30, 2013 denial of parole has resulted in a disproportionate prison term which constitutes cruel and unusual punishment under

the Eighth Amendment. As discussed below, the Court recommends summarily dismissing the Petition with prejudice for failure to state a cognizable claim.

## II.
## **RELEVANT PROCEDURAL BACKGROUND**

On December 20, 1983, following a jury trial in the Los Angeles Superior Court, Petitioner was convicted of first degree murder in violation of California Penal Code section 187 with an enhancement for personally using a deadly or dangerous weapon in the commission of a felony or attempted felony within the meaning of California Penal Code section 12022(b). ECF Docket No. ("Dkt") 1, Pet. at 2.[1] On January 13, 1984, Petitioner was sentenced to a term of twenty-six years to life in prison. Id.

On April 30, 2013, Petitioner appeared before the Board. Id. at 26. The Board issued a seven year denial of parole, noting Petitioner's disciplinary history, criminal conduct, commitment offense, conduct while incarcerated, lack of programming, and lack of parole plans. Id. at 104.

On November 2, 2015, Petitioner filed a state habeas petition in the California Supreme Court relating to the April 30, 2013 denial of parole. Dkt. 1 at 3. On January 27, 2016, the California Supreme Court denied the petition. Id. at 4, 9.

On February 17, 2016, Petitioner constructively filed[2] the instant Petition in this Court. Dkt. 1 at 8. Petitioner challenges his 1983 conviction on the following

---

[1] The Court refers to the pages of Petitioner's pleadings as if Petitioner consecutively numbered them.

[2] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted). Here, Petitioner signed the Petition on February 17, 2016. Dkt. 1 at 8. Thus, the Court deems February 17, 2016 the Petition's filing date.

grounds: "the imposition of the 'disproportionate term' and the failure to state a specific parole release date violates the cruel/unusual punishment clause prohibitions of state and federal const." Id. at 2, 5.

On February 29, 2016, the Court issued its original Report and Recommendation ("R & R") that the Petition be summarily dismissed with prejudice for failure to state a cognizable claim. Dkt. 4, R & R. On March 16, 2016, Petitioner constructively filed Objections, arguing "the Board's decision was not supported by the required 'some evidence,' thus, resulting in an arbitrary decision, which violated [Petitioner's] due process rights." See Dkt. 8, Objs. Having reviewed Petitioner's Objections, the Court now issues this Final R & R and addresses the Objections in section IV.B below.

## III.
## STANDARD OF REVIEW

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, a district court may summarily dismiss a habeas corpus petition before the respondent files an answer, "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rules Governing Section 2254 Cases, Rule 4. Rule 4 permits summary dismissal when no claim for relief is stated. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990).

## IV.
## DISCUSSION

**A. THE PETITION FAILS TO STATE A COGNIZABLE EIGHTH AMENDMENT CLAIM**

Petitioner contends the Board's failure to grant him parole transforms his indeterminate sentence of twenty-six years to life with the possibility of parole into a sentence of life without the possibility of parole. Dkt. 1 at 2, 5. Petitioner claims the resulting sentence violates his Eighth Amendment right against cruel and

3

unusual punishment and renders his sentence disproportionate to the underlying offense. Id.

Petitioner's Eighth Amendment claim is not cognizable. The Supreme Court has upheld the constitutionality of indeterminate life sentences with the possibility of parole after a specified period of time. See Lockyer v. Andrade, 538 U.S. 63, 74, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003); Ewing v. California, 538 U.S. 11, 30, 123 S. Ct. 1179, 155 L. Ed. 2d 108 (2003). "Generally, so long as the sentence imposed does not exceed the statutory maximum, it will not be overturned on eighth amendment grounds." Belgarde v. Montana, 123 F.3d 1210, 1215 (9th Cir. 1997) (internal quotation marks and alteration omitted). Thus, Courts have repeatedly held a denial of parole from an underlying valid sentence fails to implicate the Eighth Amendment. See Harris v. Long, No. 12-1349-VBF (PLA), 2012 WL 2061698, at *8 (C.D. Cal. May 10, 2012) ("[T]he Court is unaware of any United States Supreme Court case holding that . . . the denial of parole and continued confinement of a prisoner pursuant to a valid indeterminate life sentence . . . constitutes cruel and unusual punishment in violation of the Eighth Amendment. Indeed, the Supreme Court has held that '[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.'" (quoting Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1 at 7, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979))); Molina v. Valenzuela, No. EDCV 14-01487-BRO, 2014 WL 4748308, at *3 (C.D. Cal. Sept. 23, 2014); Tatum v. Chappell, No. CV 14-9965-DDP (AJW), 2015 WL 1383516, at *3 (C.D. Cal. Mar. 24, 2015); see also Prellwitz v. Sisto, No. 07-0046-JAM, 2012 WL 1594153, at *6 (E.D. Cal. May 4, 2012) (rejecting a similar Eighth Amendment claim and holding that "[w]hile petitioner might have hoped or expected to be released sooner, the Board's decision to deny him a parole release date has not enhanced his punishment or sentence"); Rosales v. Carey, No. 03-230-JAM, 2011 WL 3319576, at *8 (E.D. Cal. Aug. 1, 2011) ("[T]he Ninth Circuit has

said that any emotional trauma from dashed expectations concerning parole 'does not offend the standards of decency in modern society.'" (quoting Baumann v. Arizona Dep't of Corr., 754 F.2d 841 (9th Cir. 1985))).

Petitioner's proportionality challenge to his sentence also fails. With the exception of capital cases, successful Eighth Amendment challenges to the proportionality of a sentence have been "exceedingly rare." Rummel v. Estelle, 445 U.S. 263, 272, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980); see also Ramirez v. Castro, 365 F.3d 755, 775 (9th Cir. 2004). The Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime. Solem v. Helm, 463 U.S. 277, 288, 303, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). A possible life sentence for murder, even without the possibility of parole, is not constitutionally disproportionate. Harris v. Wright, 93 F.3d 581, 583-85 (9th Cir. 1996); United States v. LaFleur, 971 F.2d 200, 211 (9th Cir. 1991) ("[I]t is clear that a mandatory life sentence for murder does not constitute cruel and unusual punishment."). Thus, it is clear Petitioner's sentence of twenty-six years to life with the possibility of parole for first degree murder does not violate the Eighth Amendment.

**B.      THE PETITION FAILS TO STATE A COGNIZABLE DUE PROCESS CLAIM**

In his Objections, Petitioner contends "the Board's decision was not supported by the required 'some evidence,' thus, resulting in an arbitrary decision, which violated [Petitioner's] due process rights." E.g., Dkt. 8 at 7.

Petitioner's due process claim is not cognizable. The Supreme Court has held:

> No opinion of ours supports converting California's "some evidence" rule into a substantive federal requirement. The liberty interest at issue here is the interest in receiving parole when the California standards for parole have been met, and the minimum procedures

1     adequate for due-process protection of that interest are those set forth
2     in Greenholtz.
3 Swarthout v. Cooke, 562 U.S. 216, 220-21, 131 S. Ct. 859, 178 L. Ed. 2d 732
4 (2011) (citing Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442
5 U.S. 1, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979)). Thus, Petitioner's due process
6 claim that the Board failed to support its decision with "some evidence" is not
7 cognizable. See id.

## V.
## **RECOMMENDATION**

IT IS THEREFORE RECOMMENDED that the District Court issue an order: (1) accepting the findings and recommendations in this Report; (2) entering Judgment denying the Petition and dismissing this action with prejudice.

DATED: MARCH 23, 2016      _____
                               HONORABLE KENLY KIYA KATO
                               UNITED STATES MAGISTRATE JUDGE